**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NORTH CAROLINA**

**RALEIGH DIVISION**

In re:
**JOHN ADAM KOZAK**,
Debtor.

Case No. **24-04051-5-PWM**
Chapter 7

---

**DWAYNE AND KAREN P. AYERS, et al.,**
Plaintiffs,

v.

**JOHN ADAM KOZAK**,
Defendant.

Adversary Proceeding No. 25-00145-5-PWM

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**Defendant John Adam Kozak, appearing pro se, respectfully responds in opposition to Plaintiffs' Motion for Judgment on the Pleadings and states as follows:**

**1. Legal Standard**

Under Rule 12(c), judgment on the pleadings is appropriate only where there are no material issues of fact and the moving party is entitled to judgment as a matter of law based solely on the pleadings. In considering such a motion, the Court must accept the non-moving party's factual allegations as true and draw reasonable inferences in favor of the non-moving party.

**2. Material Disputes Exist**

Plaintiffs' motion should be denied because the pleadings show multiple disputed issues of material fact and law, including:

a. whether Defendant acted in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4);

b. whether the property management agreements and trust-account arrangements created the kind of express or technical trust required under § 523(a)(4);

c. whether any alleged conduct satisfies the intent or recklessness standard required by Bullock v. BankChampaign, N.A., 569 U.S. 267 (2013);

d. whether the alleged transfers were unauthorized, improper, or made for personal benefit;

e. whether other persons responsible for brokerage supervision, trust account oversight, and accounting had responsibility for the handling of the accounts; and

f. the amount, causation, and calculation of Plaintiffs' alleged damages, which Defendant disputes.

### 3. Defendant's Answer Does Not Eliminate Factual Disputes

Plaintiffs argue that portions of Defendant's Answer should be treated as admissions under Rule 8. Defendant disputes that characterization. Read as a whole, the Answer denies unauthorized transfers, denies personal benefit, denies fiduciary status, denies fraudulent intent, denies causation, and disputes damages. At minimum, the pleadings demonstrate that factual disputes remain and that judgment on the pleadings is improper.

### 4. Fiduciary Capacity and Defalcation Are Not Established as a Matter of Law

Plaintiffs seek judgment under § 523(a)(4), but the pleadings do not establish as a matter of law either (1) the existence of the fiduciary relationship required under that statute or (2) defalcation under the standard set forth in *Bullock*. Even if Plaintiffs ultimately contend that a trust account existed, whether it constituted the kind of technical or express trust required for nondischargeability remains disputed. In addition, Defendant has denied intentional wrongdoing and disputes any allegation of conscious disregard or extreme recklessness. Those issues cannot be resolved on the pleadings alone.

### 5. Conclusion

Because the pleadings demonstrate disputed issues of material fact and law, Plaintiffs have not established entitlement to judgment as a matter of law. Defendant respectfully requests that the Court deny Plaintiffs' Motion for Judgment on the Pleadings.

Respectfully submitted this **12th day of March, 2026.**

**John Adam Kozak**
Defendant, Pro Se
308 Arborhill ln
Holly Springs NC 27540
[303-324-3844]

---

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Response in Opposition to Plaintiffs' Motion for Judgment on the Pleadings was served on all counsel of record via the Court's CM/ECF system on this 12th day of March, 2026.

**John Adam Kozak**

3/12/26